[Sac. No. 4299. In Bank.—July 28, 1930.]

E. A. GAMMON et al., Appellants, v. G. C. HUBBELL et al., Respondents.

 

Charles L. Gilmore for Appellants.

White, Miller, Needham & Harbor for Respondents.

THE COURT.—This action was commenced by plaintiffs to recover damages alleged to have been suffered by reason of certain false and fraudulent representations of defendants. Defendants interposed a general and special demurrer to the complaint, which was sustained with leave to amend. Plaintiffs thereupon filed an amended complaint, and again a general and special demurrer was sustained with leave to amend. Plaintiffs declined to amend, and a judgment was accordingly entered against them. From this judgment plaintiffs prosecute this appeal.

The amended complaint alleges that in September, 1926, plaintiff E. A. Gammon, as "attorney in fact" for plaintiff Mabel Alice Gammon entered into negotiations for the purchase of real property; that during the negotiations the Fair Oaks Bank, defendant herein, was the owner of two promissory notes secured by two deeds of trust on the designated property; that defendant Hubbell, acting as the president and agent of the bank, informed E. A. Gammon that the two notes were past due, and "promised and agreed with plaintiff, E. A. Gammon, that if said Gammon would purchase said property for the said Mabel Alice Gammon, plaintiff herein, that he, the said Hubbell, would not enforce payment of said notes, but would continue same for the period immediately prior to the expiration of the time limit within which said notes and each of them would become void by reason of the statute of limitations"; that plaintiffs gave "full faith and credit" to such statements and relied thereon, as defendants well knew; that immediately thereafter plaintiff E. A. Gammon, as attorney-in-fact for said Mabel Alice Gammon, purchased the said prop-

erty, "and said defendants did, then and there immediately following said purchase repudiate said promise and statements and did demand of and from plaintiffs the full amount of each of said promissory notes, and threatened to file Notice of Breach and threatened to sell said property under said Deeds of Trust"; that the above promises were made by said defendants without any intention of performing the same and with the intent to deceive and defraud plaintiffs and to acquire possession of the said premises in question; that in order to save the premises from sale and in order to diminish the loss, plaintiffs were required to obtain a new loan within a short period and were forced to expend $626 in securing the same, and were forced to pay two per cent per annum more than they would have paid on the old loan held by defendants; all to plaintiffs' damage in the sum of $1,006.25.

In a second cause of action it is alleged that by reason of the facts set forth in the first cause of action plaintiffs were forced to and did obtain a new loan within a very limited period, and in so doing were forced to apply to many banks and individuals for the same "and enjoin haste upon them," thereby engendering the suspicions of such persons and causing them to believe that the plaintiffs' financial standing, theretofore maintained "in a first class condition," was impaired, thereby causing serious injury to the reputation and standing of the plaintiffs in the community, and materially damaging their credit rating; all to plaintiffs' damage in the sum of $10,000.

The complaint is not entirely clear as to the theory upon which it proceeds—whether it proceeds in tort or in contract. However, whichever theory is adopted, we are of the opinion that the demurrer was properly sustained. It nowhere appears in the record when the statute of limitations would expire on said notes. For aught that appears the statutory time may have been about to expire shortly prior to the demand for payment, in which event the defendants would be entitled under their contract to demand payment and to proceed with the enforcement of the notes by a sale of the property. If they had such right when the steps to enforce payment were taken, it would be immaterial what their intentions were when the alleged agreement was made.

The judgment is affirmed.